## J. F. MARCUM v. S. G. HICKLE.*

### (*Knoxville.* September Term, 1921.)

**MASTER AND SERVANT.** Dependents of more than one class may take compensation.

Under Workmen's Compensation Act, section 30, subsecs. 3-18, dependents of more than one class may, in the order named, take compensation up to the point that fifty per cent. of the monthly wages of the deceased exployee for the statutory period has been exhausted, provided that those of the first class are not entitled to the entire amount.

Acts cited and construed: Acts 1919, ch. 123.

### FROM KNOX.

Error to the Circuit Court of Knox County.—HON. VON A. HUFFAKER, Judge.

JAS. M. MEEK, for plaintiff in error.

ATCHLEY & BIBB, for defendants in error.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

This suit was instituted by S. G. Hickle, administrator of Ernest Hickle, against J. F. Marcum, to recover

---

*On the question as to who are "dependents" within the meaning of Compensation Statutes, see notes in L. R. A. 1916A, 121 and 128; L. R. A. 1917D, 157 and L. R. A. 1918F, 483.

Marcum v. Hickle.

compensation for the use and benefit of certain dependants, under the Workmen's Compensation Act.

Liability was conceded, and it was admitted that those wholly dependent upon the deceased, at the time of his death, were his father, mother, and two brothers, aged, respectively, eleven and fourteen years. It is further agreed that the deceased, at the time of his death, was earning $15 per week, and that in no event would his administrator be entitled to recover more than fifty per centum thereof, viz., $7.50 per week for a period not to exceed four hundred weeks.

The trial court adjudged the father and mother entitled to thirty-five per centum of said weekly wage, or $5.25 per week during dependency, not to exceed four hundred weeks. This adjudication is conceded to be correct.

The trial court further adjudged that the two brothers were entitled to recover twenty-five per centum of said weekly wage, to-wit, $3.75 during dependency, not to exceed four hundred weeks, but said latter allowance, when added to the compensation allowed the father and mother, being in excess of fifty per centum of the weekly wage of the deceased, the trial court reduced said allowance to $2.25 per week, so that the aggregate would amount to $7.50 per week, or fifty per centum of the weekly wages which the deceased was earning at the time of his death.

The controversy arises as to that part of the judgment awarding compensation to the two brothers. The insistence of the plaintiff in error is that the act classifies dependents, and that where there are dependents fall-

ing within a certain class, they alone take to the exclusion of those falling within subsequent classes. On the other hand, the defendants in error insist that dependents are entitled to take compensation in the order in which they are classified until fifty per centum of the monthly wages of the deceased during the time specified in the act shall have been exhausted.

A determination of this question involves the construction of section 30 of the act (chapter 123 of the Acts of 1919), so much thereof as is pertinent to this inquiry being as follows:

"Be it further enacted, that for the purposes of this act, the following described persons shall be conclusively presumed to be wholly dependent: . . .

"(3) Wife, child, husband, mother, father, grandmother, grandfather, sister, brother, mother-in-law, and father-in-law who were wholly supported by the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto shall be considered his actual dependents, and payment of compensation shall be made to them in the order named."

The subsections following, down to eighteen, provide, in case of death, what each dependent or class of dependents named in subsection 3 shall receive.

Subsections 12 and 13 relate to those who fall within the class of dependents in the instant case, and are as follows:

"(12) If the deceased employee leave no widow or child or husband entitled to any payment hereunder, but should leave a parent or parents, either or both of whom are wholly dependent on the deceased, there shall be paid,

Marcum v. Hickle.

if only one parent, twenty-five per centum of the average weekly wages of the deceased to such parent, and if both parents, thirty-five per centum of the average weekly wages of the deceased to such parents.

"(13)  If the deceased leave no widow or dependent child or husband or parent entitled to any payment here under but leaves a grandparent, brother, sister, mother-in-law, or father-in-law wholly dependent upon him for support, there shall be paid to such dependent, if but one, twenty per centum of the average weekly wages of the deceased, or if more than one, twenty-five per centum of the average weekly wages of the deceased, divided between them or among them share and share alike."

Subsection 18 provides that—"Actual dependents shall be entitled to take compensation in the order named in subsection (3) above, until fifty per centum of the monthly wages of the deceased during the time specified in this act shall have been exhausted, but the total compensation to be paid to all actual dependents of a deceased employee shall not exceed in the aggregate eleven ($11) dollars per week."

Analyzing this last provision of the act, it is apparent that the intention of the Legislature was to appropriate fifty per centum of the monthly wages of deceased to dependents, provided there were sufficient dependents to consume that amount, and provided further that in no event should the aggregate compensation exceed the sum of $11 per week.  There is nothing ambiguous in subsection 18, nor is it out of harmony with the other provisions of section 30.  Any other interpretation would result in its destruction.

In only one subsection (7) is as much as 50 per centum of the weekly wages of the deceased allowed as compensation. If it were not intended to join dependents named in the various subsections until fifty per centum of the wages of the deceased had been exhausted, then this provision of the act would be meaningless, for the preceding subsections had already stated what the various dependents were entitled to individually or as a class.

In the case under consideration, upon looking to the list of dependents enumerated in subsection 3, we find that the first in order are the father and mother, and the act provides that they are to receive thirty-five per centum of the weekly wages of the deceased. The two brothers are the next dependents appearing in the list, and they are entitled to the remaining fifteen per centum; the result being that the dependents, in the order named in subsection 3, have exhausted fifty per centum of the monthly wages of the deceased as expressly and implicitly provided by the act.

The circuit judge reached this result, and his judgment will be affirmed.