William S. SCHULTZ, Surviving Widower of Fannie Louise Schultz, Plaintiff-Appellee,

v.

MAJIK MARKET, A DIVISION OF MUMFORD, INC., Defendant-Appellant.

Supreme Court of Tennessee, at Knoxville.

Oct. 5, 1981.

Donald E. Warner and John B. Curtis, Jr., Leitner, Warner, Owens, Moffitt, Williams & Dooley, Chattanooga, for defendant-appellant.

John W. Johnson, III, Chattanooga, for plaintiff-appellee.

## OPINION

BROCK, Justice.

This appeal presents the single issue: "Whether the maximum amount of worker's compensation benefits properly payable to the plaintiff, as a widower with no dependent children, for the death of his wife, the employee, is determined by Subsection (e)(1) or by Subsection (e)(12) of T.C.A., § 50–1013?"

The trial judge held that an ambiguity existed in the statute and awarded compensation under Subsection (e)(12), being 66⅔% of the decedent's average weekly wage.

Subsection (e)(1) of T.C.A., § 50–1013, provides as follows:

"In death cases, compensation payable to dependents shall be computed on the following basis, and shall be paid to the persons entitled thereto, without administration:

"(1) WIDOW OR WIDOWER AND NO DEPENDENT CHILD. If the deceased employee leaves a widow or widower and no dependent child, there shall be paid to the widow or widower fifty percent (50%) of the average weekly wages of deceased."

It is further provided in T.C.A., § 50–1013 (e)(10), that the plaintiff's compensation shall be subject to a maximum of $119.00 per week and a minimum of $15.00 per week.

The deceased employee left, surviving, her husband, the plaintiff, and no dependent children; thus, subparagraph (e)(1) controls since it specifically provides that in such a situation the widower's compensation shall be 50% of the deceased wife's average weekly wage. Her average weekly wage was $151.84, so that, the compensation due the plaintiff is 50% thereof, or $75.92 per week.

We find no ambiguity. Subsection (e)(12) is as follows:

"Actual dependents shall be entitled to take compensation in the order named in subsection (c) above, until sixty-six and two thirds percent (66⅔%) of the monthly wages of the deceased during the time specified in this chapter shall have been exhausted, but the total compensation to be paid to all actual dependents of a deceased employee shall not exceed in the aggregate one hundred nineteen dollars ($119) per week."

This Section provides the maximum compensation to be paid to plural actual dependents when such plural dependents survive the deceased employee. This provision

has no application to the instant case because the deceased employee left only a single dependent, her widower, the plaintiff. The plaintiff's assertion that, as an actual dependent within the terms of Subsection (c),[1] he is entitled to receive 66⅔% of the decedent's weekly wages under Subsection (e)(12) is not supported by the statute, considered as a whole, nor by any case authority. If he were correct, we would have the anomalous situation of one part of the statute providing 66⅔% of the decedent's average weekly wage as compensation for a widower and no dependent child while another part, subparagraph (e)(1), would provide compensation for a widower and no dependent child of 50% of the decedent's average weekly wage. It is our duty to avoid such a strained construction of a legislative enactment; on the contrary, we are bound to give to the words of a statute their plain and ordinary meaning and to construe the statute as a whole so that all its provisions are rendered harmonious and meaningful. *Marsh v. Henderson,* 221 Tenn. 42, 424 S.W.2d 193 (1968).

In *Marcum v. Hickle,* 144 Tenn. 460, 234 S.W. 321 (1921), this Court construed the forerunners of Subsection (c) and Subsection (e)(12) of T.C.A., § 50–1013. The only material difference between the statute there construed and its counterparts today is that the percentage of monthly wages to be dispersed at that time was 50% and the maximum weekly amount of compensation to be paid was $11.00 rather than the 66⅔% and $119.00 as now provided. The court there observed that "analyzing this last provision of the Act,[2] it is apparent that the intention of the legislature was to appropriate 50% of the monthly wages of deceased to dependents *provided there were sufficient dependents to consume that amount* . . . ." *Ibid.* at 463, 234 S.W. 321 (emphasis added).

Again, "if it were not intended to join dependents named in the various subsections until 50% of the wages of the deceased had been exhausted, then this provision of the Act would be meaningless, for the preceding subsections had already stated what the various dependents were entitled to individually or as a class." *Ibid.* at 464, 234 S.W. 321. We reaffirm that view.

Therefore, we conclude that the trial court erred in fixing the plaintiff's compensation at 66⅔% of the average weekly wage of the deceased rather than 50% of such average weekly wage. Accordingly, the judgment of the trial court is reversed and this cause is remanded to that court for further proceedings consistent with this opinion.

Costs are adjudged against the appellee and surety.

HARBISON, C. J., and FONES, COOPER and DROWOTA, JJ., concur.

---

1. "ACTUAL DEPENDENTS. Wife, husband, child, mother, father, grandparent, sister, brother, mother-in-law, father-in-law, who were wholly supported by the deceased employee at the time of death and for a reasonable period of time immediately prior thereto

shall be considered actual dependents, and payment of compensation shall be made in the order named."

