BOHLEN-HUSE COAL & ICE CO. *v.* MOSE MCDANIEL.*

(*Nashville.* December Term, 1923.)

1. **MASTER. AND SERVANT.** Failure to name dependent as party in petition for compensation held cured.

Failure to name a deceased employee's dependent sister as a party plaintiff in his father's petition for compensation under Workmen's Compensation Act, *held* cured by amendment of the petition so as to recover for her benefit, and offering proof of her dependency without objection. (*Post, pp.* 630, 631.)

Acts cited and construed: Acts 1919, ch. 123.

2. **MARRIAGE.** Doctrine of estoppel applicable though common-law marriages are not recognized.

While common-law marriages are not recognized in Tennessee, the doctrine of estoppel applies to the rights of interested parties. (*Post, pp.* 631, 632.)

Cases cited and approved: Smith v. Bank, 115 Tenn., 12; Gamble v. Rucker, 124 Tenn., 415.

Case cited and distinguished: Johnson v. Johnson, 41 Tenn., 626.

3. **MARRIAGE.** Marriage may be presumed or established by reputation, especially where question of legality arises incidentally.

In all cases except prosecutions for bigamy and criminal conversa-

*On question as to whom are dependents within meaning of Workmen's Compensation Acts, see notes in L. R. A. 1916A, 121, 163, 248; L. R. A. 1917D, 157 and L. R. A. 1918F, 483.

For authorities discussing the question of dependency within Workmen's Compensation Act, see note in 13 A. L. R. 686.

As to what constitutes serious and wilful misconduct within meaning of Workmen's Compensation Laws, see notes in L. R. A. 75, 243, 355; L. R. A. 1917D, 133 and L. R. A. 1918E, 423.

On serious and wilful misconduct of employee as bar to compensation under Workmen's Compensation Act, see note in 4 A. L. R. 116.

Bohlen-Huse Coal & Ice Co. v. McDaniel.

tion, a marriage may be presumed or established by reputation after a lapse of many years, especially when the question of the legality thereof arises incidentally, in a controversy not between persons claiming under conflicting rights of heirship. (*Post*, *p.* 633.)

Case cited and approved: Rogers v. Park's Lessees, 23 Tenn., 480.

Case cited and distinguished: Ewell v. State, 14 Tenn., 364.

4. **MARRIAGE.** Employer cannot question existence of valid marriage between decedent's parents living together as husband and wife for many years.

In proceedings under the Workmen's Compensation Act for compensation to the father of a deceased employee, the employer could not deny the existence of a valid marriage between claimant and deceased's mother, where they lived together as man and wife for twenty-five years and reared several children and the mother was treated, and referred to in the record by both parties, as claimant's wife; such question being purely incidental. (*Post*, *p.* 633.)

5. **MASTER AND SERVANT.** Illegitimate child may recover compensation for death.

Under Thompson-Shannon Code, section 4166, an illegitimate daughter may inherit from a deceased son of her mother, and hence may recover compensation under Workmen's Compensation Act for his death, if dependent on him. (*Post*, *pp.* 633, 634.)

Code cited and construed: Sec. 4166 (S.).

6. **MASTER AND SERVANT.** Dependents entitled to compensation to limit and in proportion fixed by statute.

Under Workmen's Compensation Act, both the dependent father and dependent sister of a deceased employee may recover up to the limit and in the proportion fixed by section 30, subsections 12, 15. (*Post*, *p.* 634.)

Case cited and approved: Marcum v. Hickle, 144 Tenn., 460.

7. **MASTER AND SERVANT.** Compensation allowable to dependent father and sister of deceased employee.

The father and sister of a deceased employee, on whose earnings of $23 per week, together with the father's earnings of $5 per week, all three lived, *held* entitled under Workmen's Compensation Act section 30, subsection 15, to $3,56 and $37.8 per week respectively; the maximum and minimum provisions of subsection 16 applying only where the entire benefits allowed all dependents would exceed the maximum or fall below the minimum. (*post, pp.* 634-636.)

Acts cited and construed: Acts 1919, ch. 123, sec. 30, subsec. 12.

Case cited and approved: Marcum v. Hickle, 144 Tenn., 460.

8. **MASTER AND SERVANT.** Operation of motor truck in violation of ordinance held not ''willful'' misconduct within Compensation Act.

Operation of a motor truck in violation of city ordinances *held* not a willful failure to perform a duty required by law, so as to relieve the driver's employer from liability, under Workmen's Compensation Act, section 10, for compensation for his death. (*Post, p.* 636.)

Acts cited and construed: Acts 1919, ch. 123, sec. 10.

Case cited and approved: Nashville, C. & St. L. Ry. v. Wright, 147 Tenn., 620.

---

FROM SHELBY.

---

Error to the Circuit Court of Shelby County.—Hon. H. B. Pittman, Judge.

John Exby, for plaintiff in error.

Dan F. Elliott, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a proceeding under the Workmen's Compensation Act, chapter 123 of the Acts of 1919, by the father of Sly-

vester McDaniel, to recover the statutory allowance for the death of his son which occurred while the latter was in the employ of the plaintiff in error.  During the progress of the trial, leave was asked to amend the petition so as to recover for the benefit of Bertha McDaniel, a sister of the deceased, which permission it appears from the findings of the court, and certainly from the judgment herein was granted, although there is no separate order allowing the amendment.  In the notice of the accident, Bertha McDaniel was named as a beneficiary of the claim and proof as to her dependency was offered on the trial without objection.  Proceedings under the compensation statute are to some extent informal, and we think the failure to name Bertha McDaniel as a party plaintiff in the petition filed was cured by other matters mentioned.

The chief contention of the employer is based on the fact that Sylvester McDaniel was an illegitimate son of Mose McDaniel, and it is urged the latter is entitled to no recovery for this reason.  The same contention is made with reference to Bertha McDaniel, who is also an illegitimate child of Mose McDaniel, she and the deceased, however, having the same father and mother.

The proof shows that Mose McDaniel and the mother of Sylvester McDaniel lived together as man and wife for twenty-five years, although without any marriage ceremony.  The couple reared several children, occupied the same home, and, in fact, seemed to have exemplified a perfect common-law marriage.

The woman died a few months before Sylvester was killed.  She is referred to in the record by Mose McDaniel, and by counsel for both parties repeatedly, as McDaniel's "wife," and was evidently so treated and regarded.

While our cases do not recognize the validity of a common-law marriage, nevertheless the doctrine of estoppel is applied to the rights of interested parties, and, for all civil purposes, it seems that much the same effect is given to such alliances, as though valid in law.

This court long since held that where a man and woman had lived together as man and wife, and held themselves out as such, for many years, neither would be permitted to deny that such relation existed between them. The court said:

"Upon established principles, and analogies of the law, we think it may be held that, under the circumstances of this case, a lawful marriage, for all civil purposes, will be conclusively presumed; and that neither the parties themselves, nor third persons, perhaps, will be heard to disprove or deny the marriage." *Johnson* v. *Johnson,* 41 Tenn. (1 Cold.), 626.

This case was followed and expressly approved in *Smith* v. *Bank,* 115 Tenn., 12, 89 S. W., 392. After the parties had lived together for twenty-five years as man and wife, the administrator of the husband was held to be estopped to deny the right of the woman to participate in her husband's estate 'as widow and distributee.

In *Gamble* v. *Rucker,* 124 Tenn., 415, 137 S. W., 499, a marriage was presumed valid, although the court found there was an earlier legal marriage, and the former wife was living when the second marriage was solemnized, because the proof did not overturn the presumption indulged that the first marriage had been dissolved by divorce. The children of this second marriage were held to be legal heirs of the father and entitled to share in his estate with the children of the first marriage. This, as

noted, was a controversy between two sets of heirs asserting conflicting rights of inheritance.

"It is a familiar doctrine that in all cases, except prosecutions for bigamy and actions for criminal conversation, a marriage may be presumed, or be established by reputation after a lapse of many years. *Ewell* v. *State,* 6 Yerg., 364, *Rogers* v. *Park's Lessees,* 4 Humph., 480." *Smith* v. *Bank,* supra.

Such presumption should have particular force when, as said by Judge Turley, the question of the legality of a marriage "arises incidentally, the controversy not being between persons claiming under conflicting rights of heirship." *Rogers* v. *Park's Lessees,* 4 Humph., 480.

We conclude, therefore, that upon our authorities and the facts of this case the plaintiff in error cannot be permitted to deny that a valid marriage subsisted between Mose McDaniel and the mother of the deceased, in this case where the question is purely incidental.

So far as the right of Bertha McDaniel to recover is concerned, we think there is no room at all for resisting her claim upon the grounds stated. Inasmuch as she and deceased, had the same mother, she could inherit from deceased under the statute. Thompson's Shannon's Code, section 4166. That is to say, Bertha is the sister of deceased by statutory enactment.

The authorities from other States seem to be in conflict as to whether illegitimate relations can obtain the benefits provided for legitimate relations under compensation statutes. As seen, we do not have to decide this question in the case before us. Inasmuch, however, as compensation statutes are passed to require industry to

provide for its own casualties and to relieve society of that burden, where the deceased has assumed the moral obligation of caring for illegitimate relations and they are dependent upon him, we are much inclined to hold that such statutes should be broadly construed and such relations given the benefits thereof.

There is much controversy as to the amount of the recovery by these beneficiaries. The trial judge found that they were both partially dependent upon the deceased, and awarded them both $5 per week for forty weeks, or $2.50 each, and we think he was right.

Under our statute as construed in *Marcum* v. *Hickle*, 144 Tenn., 460, 234 S. W., 321, both the dependent father and the dependent sister are entitled to recover up to the statutory limit and in the proportion fixed by the statute.

The deceased and his father and sister lived together. The deceased made $23 per week, and the father $5 per week. The daughter made nothing. According to the finding of the trial judge, the deceased turned over his wages to his father, and the father, daughter, and deceased jointly lived out of the common earnings of the son and the father. It may be assumed that each member of the family got one-third of this common fund. That is, the deceased contributed one-third of his earnings to his father, one-third to his sister, or $7.66 per week to each. Under subsection 12 of section 30 of chapter 123 of the Acts of 1919, a wholly dependent parent would be entitled to twenty-five per cent. of the average weekly wages of the deceased, and a wholly dependent sister would be entitled to twenty per cent. of the average weekly wages of the deceased.

Subsection 15 of this section of the Acts of 1919 is as follows:

"Partial dependents shall be entitled to receive only that proportion of the benefits provided for actual dependents which the average amount of the wages regularly contributed by the deceased to such partial dependent at, and for a reasonable time immediately prior to the injury, bore to the total income of the dependent during the same time."

Had the father been wholly dependent he would have been entitled to $5.75 per week. Had the sister been wholly dependent she would have been entitled to $4.60 per week.

The father's total income, what he made, and what he received from his son, was $12.66 per week. The daughter's total income, what she received from her brother and what she received from her father, was $9.33 per week.

Applying the rules of the statute quoted to the figures found, proportions to determine the allowances for the father and daughter may be stated as follows:

$$7.66 : 12.66 :: \underline{\quad} : 5.75$$
$$7.66 : 9.33 :: \underline{\quad} : 4.60$$

Dropping some decimals in the calculations, the missing term in the first proportion is 3.56. In the second portion the missing term is 3.78. That is, the benefit to which the father is entitled is $3.56 per week. The benefit to which the daughter is entitled is $3.78 per week.

We think the maximum and minimum provisions of subsection 16 of section 30 of the act apply only to cases where the entire benefits allowed all dependents would exceed the maximum, and where the entire benefits allowed all the dependents would fall below the minimum. See *Marcum* v. *Hickle,* 144 Tenn., 460, 234 S. W., 321.

Another defense is that the deceased met his death as a result of willful failure to perform a duty required by law, and that the employer is thereby relieved of liability under section 10, chapter 123, of the Acts of 1919. The deceased was killed while driving a motor truck in the service of plaintiff in error as the result of a collision between that vehicle and another. The trial judge found that deceased was not operating the vehicle in conformity to the ordinances of the city of Memphis, but concluded that this conduct was negligent and not willful. We think his honor was right as to this. We have lately discussed the meaning of the word willful as used in this section of the act, in *Nashville, C. & St. L. Ry.* v. *Wright,* 147 Tenn., 620, 250 S. W., 903, and it is not necessary to go over this matter again.

Modified, affirmed, and remanded for further proceedings.