Portin v. Portin.

WILLIAM PORTER PORTIN. v. MERCY ANNIE PORTIN.*

MERCY ANNIE PORTIN v. FOSTER-CREIGHTON CO.

(*Nashville.* December Term, 1923.)

1. **MASTER AND SERVANT.** Illegitimate child "dependent" under Workmen's Compensation Act.

An illegitimate child supported by deceased employee is a dependent entitled to compensation under Workmen's Compensation Act, section 30, subsecs. 3 and 3a. (*Post, p.* 535.)

Acts cited and construed: Acts 1919, ch. 123.

Case cited and distinguished: Bohlen-Huse Coal & Ice Co. v. McDaniel, 257 S. W., 848.

2. **MASTER AND SERVANT.** Compensation act not statute of descent and distribution.

Workmen's Compensation Act is not a statute of descent or distribution, but was intended to relieve society of. burden of caring for injured workman or dependents. (*Post, pp.* 535, 536.)

3. **MASTER AND SERVANT.** Illegitimate child compensated as "dependent orphan."

Illegitimate child of deceased employee should be compensated as a "dependent orphan," under Workmen's Compensation Act, section 30, subsec. 10, it appearing that mother deserted father and child prior to father's death, (*Post, p.* 536.)

FROM DAVIDSON.

---

*On the question of illigitimate children as "dependents" within the meaning of Workmen's Compensation Statutes, see note in L. R. A., 1918F, 485.

Illigitimate child as a dependent within the meaning of Workmen's Compensation Act, see note in 13 A. L. R., 704.

Portin v. Portin.

Appeal from the Chancery Court of Davidson County.—
HON. JOHN AUST, Chancellor.

JOS. H. ACKLEN and JNO. T. ALLEN, for Portin.

AVERY HANDLEY, opposed.

MR. CHIEF JUSTICE GREEN delivered the opinion of the
Court.

The only question involved upon the appeal in these
causes is whether the illegitimate child of a deceased em-
ployee, said child having been supported by the employee,
is a dependent and entitled to compensation under the
Workmen's Compensation Act, chapter 123 of the Acts
of 1919.

The case was submitted upon a stipulation of facts from
which we quote as follows:

"It is agreed by counsel, that the record in the above
cause establishes the following facts: (1)  That Mercy
Annie Lane, widow of Isaac Lane, was married to H. H.
Comstock in Nashville, by Judge Litton Hickman, on
December 2, 1918.  (2) That Comstock and wife went to
Norfolk, Virginia, in 1919, and that his wife left him there,
and went to Chattanooga, where she met Porter T. Portin.
(3)  That Mercy Annie Comstock and H. H. Comstock
were never divorced.  (4)  That Mercy Annie Comstock
and Porter T. Portin were married in Rossville, Georgia,
on October 4, 1919.  (5)  That William Porter Portin, a
child now about two years was the result of this marriage.
(6)  That Portin and wife went to Birmingham, and
then came to Nashville about September 20, 1921, where
they resided until about June 1, 1922, when she left him,

leaving the child in his charge. (7) That on August 2, 1922, Mercy Annie Portin filed in the second circuit court of Davidson county, Tennessee, her divorce against Porter T. Portin, and asked for no alimony. That an answer was prepared to said bill, but Porter T. Portin was killed before it was filed. (8) That Porter T. Portin was employed by the Foster-Creighton Company, and while working for said firm, on the excavation for the Caldwell Building, Union and Fourth avenue, Nashville, was on August 23, 1923, killed by the fall of a derrick, while at his post of duty. (9) That after the filing of the bills and answers in these causes, it was ascertained that H. H. Comstock is living in Arizona, and his deposition has been taken and filed. (10) That it is admitted that Mercy Annie Comstock and Porter T. Portin were not legally married, but it is not charged by complainant that Mercy Annie knew at the time of her marriage to Porter T. Portin, that her husband, H. H. Comstock, was still alive. She said she believed him dead."

It otherwise appears in the record that the deceased employee prior to his death supported the little boy, paying for his board and care at the home of a family in Nashville.

The chancellor was of opinion that being an illegitimate child, the boy was not entitled to any benefits under the Workmen's Compensation Law.

Although the chancellor has supported his decree by a well-reasoned opinion, and a like conclusion has been reached by the courts of several other states, construing different compensation statutes, we are of a contrary opinion, and have heretofore so intimated in the case of *Bohlen-Huse Coal & Ice Company* v. *McDaniel* (Tenn.), 257 S. W., 848, opinion filed January 21, 1924.

The material sections of our Compensation Act are as follows:

"Sec. 30. Be it further enacted, that for the purposes of this act, the following described persons shall be conclusively presumed to be wholly dependent:

"(1) A wife, unless it be shown that she was voluntarily living apart from her husband at the time of his injury and minor children under the age of sixteen years.

"(2) Children between sixteen and eighteen years of age, or those over eighteen, if physically or mentally incapacitated from earning, shall, *prima facie,* be considered dependent.

"(3) Wife, child, husband, mother, father, grandmother, grandfather, sister, brother, mother-in-law, and father-in-law who were wholly supported by the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto shall be considered his actual dependents, and payment of compensation shall be made to them in the order named.

"(3a) Any member of a class named in subdivision (3) who regularly derived part of his support from the wages of the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto shall be considered his partial dependent, and payment of compensation shall be made to such dependents in the order named."

Consideration of the foregoing shows that the statute undertook to provide for three classes of children. Subsection 1 provides for minor children under the age of 16 years. Subsection 2 provides for children between 16 and 18 years of age and those over 18 physically or mentally

incapacitated from earning a living. Subsection 3 provides for children "who were wholly supported by the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto."

These are distinct classes. A child included in subsection 1 is "conclusively presumed to be wholly dependent.". A child included in subsection 2 is *prima facie* to be "considered dependent." There is, however, no presumption in favor of the dependency of a child included alone in subsection 3, but to obtain the benefits of the statute it must be shown that such a child was "wholly supported by the deceased workman at the time of his death," etc. It is doubtless true that legitimate children only are comprehended by subsection 1 and subsection 2. By reason of their relation alone a presumption of dependency is declared in favor of these children, and the legislature could scarcely have intended to ordain such a presumption in favor of illegitimate children, whose relationship to the deceased employee might be a matter of doubt.

But relationship is not the test, or even evidence of dependency under subsection 3. True the benefits of subsection 3 are limited to certain relations, but to obtain such benefits these parties must have been supported in fact by the deceased.

In other words, relationship is the absolute test of the right to compensation as to children embraced in subsection 1, and the *prima facie* test under subsection 2, but dependency is the real test of the right to compensation as to children embraced in subsection 3.

Any member of a class named in subsection 3 may be by subsection 3a a partial dependent if such person has

only derived part of his support from the deceased workman. A legitimate child under 16 years of age could not be a partial dependent because such a child is conclusively presumed to be wholly dependent. Yet a child under 16 years of age, wholly supported by the deceased workman, may be an actual dependent under subsection 3, or, if partly supported by deceased, such child may be a partial dependent under subsection 3a.

The conclusion, therefore, seems inevitable that it was intended by subsection 3 and subsection 3a to provide for a class of children, not necessarily his legitimate offspring, but children supported by the deceased workman at the time of his death, either wholly or in part. We think his illegitimate child, or perhaps his adopted child, might be in this class.

As indicated in the caption of chapter 123 of the Acts of 1919, its purpose was "to provide compensation for injured employees; or in case of death, for the dependents of such employee." The child in this case was wholly dependent upon the deceased for support, was an actual dependent, and is, we are satisfied, entitled to the benefits of the statute.

The Workman's Compensation Act is not a statute of descent or distribution. It was intended to relieve society of the burden of caring for injured workmen or the dependents of deceased workmen, and to place that burden upon the industry employing the workman. In case of the workman's death, the lawmakers were concerned for the care of his dependents, not about the devolution of the workman's property. The dependency of the claimant is the true basis of his right to compensation rather than

blood or marriage. Relationship is really only evidence of dependency.

Consideration of the decisions of other states would not be of particular help to us in the construction of our statute. Some of the States hold that an illegitimate child is not entitled to benefits under their compensation statutes. Other States hold that such a child is entitled to these benefits. A reference to the cases may be found in a note, 12 A. L. R., 704.

We think that the little boy here should be compensated as a dependent orphan under subsection 10 of section 30.

A child may be properly described as an orphan without having lost by death more than one of his parents. This boy's father has been killed, and it seems that his mother had deserted the father and child prior to the father's death.

Reverse and remand to the chancery court for the appointment of a guardian for the child, and further proceedings in conformity with this opinion. Costs of appeal will be paid by the Foster-Creighton Company.