ELLEN MITCHELL KINNARD, ETC., *v.* TENNESSEE CHEMICAL COMPANY.*

(*Nashville.* December Term, 1927.)

Opinion filed June 30, 1928.

### 1. WORKMEN'S COMPENSATION.   HUSBAND   AND   WIFE. FORMER MARRIAGE.

Under our Workmen's Compensation Law, where it appears that a man, who had been deserted by a former wife in 1903, who had not been heard of since 1907, had married the petitioner in 1913, without disclosing his former marriage, was killed while working for the defendant; that the deceased and petitioner had lived together continuously since their marriage, had held themselves out as man and wife and were so received by their friends, relatives and the public; that petitioner was a faithful and dutiful wife and was supported by him during their whole married life, the petitioner is entitled to compensation.   (Post, p. 207.)

### 2. HUSBAND AND WIFE.   MARRIAGE PRESUMED.

It is a familiar doctrine that in all cases, except prosecutions for bigamy and actions for criminal conversation, a marriage may be presumed, or be established by reputation after a lapse of many years.   (Post, p. 208.)

Citing:  Acts 1919, ch. 123; Bohlen-Huse Coal & Ice Co. v. McDaniel, 148 Tenn. (21 Thomp.), 63; Ewell v. State, 14 Tenn. (6 Yerg.), 364; Rogers v. Park's Lessees, 23 Tenn. (4 Humph.), 480; Smith v. Bank, 115 Tenn. (7 Cates), 12.

### 3. WORKMEN'S COMPENSATION.   PARENT AND CHILD.   DE-PENDENT CHILD.

The test of liability for workmen's compensation to a dependent child cannot be made to depend upon the relationship which the

deceased workman had to the child, but the test is whether such child was wholly dependent upon such workman for support, and where it appears that said workman and his wife took into their home a two-months-old baby, unrelated to either of them, and reared said child as a member of the family, said child was wholly dependent on the deceased husband and entitled to compensation. (Post, p. 209.)

Citing: Acts 1919, ch. 123, sec. 30; Portin v. Portin, 149 Tenn. (22 Thomp.), 535; Aluminum Company of America v. Fendnall, 150 Tenn. (23 Thomp.), 449.

---

*Headnotes 1. Workmen's Compensation Acts, — C. J., section 49; 2. ———; 3. Workmen's Compensation Acts, — C. J., section 5; 4. ———.

---

## FROM DAVIDSON.

---

Appeal from the Chancery Court of Davidson County. —HON. JOHN R. AUST, Chancellor.

LEVINE & LEVINE, for appellants.

THOMAS G. WATKINS and CLARENCE T. BOYD, for appellee.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

This is a workmen's compensation proceeding by which the petitioner, Ellen Mitchell Kinnard, alleges that she is the widow of Bob Kinnard within the meaning of the Act, and as such is entitled to compensation for herself and minor child on account of the death of Bob Kinnard, as the result of an accident which he received while working for the defendant.

*(1)* Bob Kinnard and Ellen Mitchell were married in Davidson County, Tennessee, on July 16, 1913, by the

Rev. J. C. Crosby, under a license regularly issued by the county court clerk of said county and lived together as man and wife continuously from the date of their marriage until his death on March 26, 1926. During said period they held themselves out as husband and wife, and were so received and accepted by their friends, relatives and the public. Ellen Mitchell Kinnard believed herself to be the lawful wife of Bob Kinnard, and never knew that he had another wife until after his death.

In 1903, Bob Kinnard and Lula Bailey were married, but the latter deserted the former and left Tennessee, and was not heard of subsequent to 1907, until she testified as a witness for the defendant on the hearing of this cause.

It affirmatively appears that Bob and Lula were never divorced.

It further appears that Ellen Mitchell Kinnard was a faithful and dutiful wife, and was supported by the deceased during the thirteen years that they lived together.

In these circumstances, we are of the opinion that the Chancellor was correct in decreeing compensation to the petitioner, Ellen Mitchell Kinnard.

In *Bohlen-Huse Coal & Ice Co.* v. *McDaniel,* 148 Tenn., 633, it is said:

*(2)* " 'It is a familiar doctrine that in all cases, except prosecutions for bigamy and actions for criminal conversation, a marriage may be presumed, or be established by reputation after a lapse of many years. *Ewell* v. *State,* 6 Yerg., 364; *Rogers* v. *Park's Lessees,* 4 Humph., 480.' *Smith* v. *Bank, supra* (115 Tenn., 12).

"Such presumption should have particular force when, as said by Judge TURLEY, the question of the legality of a marriage 'arises incidentally, the controversy not being

between persons claiming under conflicting rights of heirship.' Rogers v. Park's Lessees, 4 Humph., 480.

"We conclude, therefore, that upon our authorities and the facts of this case the plaintiff in error cannot be permitted to deny that a valid marriage subsisted between Mose McDaniel and the mother of the deceased, in this case where the question is purely incidental."

(3) About six years before the death of Bob Kinnard he and his wife, Ellen, took into their home a two-months-old baby, unrelated to either of them, and reared said child as a member of their family. Said child was wholly dependent upon Bob Kinnard for its support.

In construing section 30 of the Compensation Act of 1919, which relates to those dependent upon the deceased workman, this court, in Portin v. Portin, 149 Tenn., 535, said:

"The conclusion, therefore, seems inevitable that it was intended by subsection 3 and subsection 3a to provide for a class of children, not necessarily his legitimate offspring, but children supported by the deceased workman at the time of his death, either wholly or in part. We think his illegitimate child, or perhaps his adopted child, might be in this class.

"As indicated in the caption of chapter 123 of the Acts of 1919, its purpose was 'to provide compensation for injured employees; or in case of death, for the dependents of such employee.' The child in this case was wholly dependent upon the deceased for support, was an actual dependent, and is, we are satisfied, entitled to the benefits of the statute.

"The Workmen's Compensation Act is not a statute of descent or distribution. It was intended to relieve society of the burden of caring for injured workmen or the de-

pendents of deceased workmen, and to place that burden upon the industry employing the workman. In case of the workman's death, the lawmakers were concerned for the care of his dependents, not about the devolution of the workman's property. The dependency of the claimant is the true basis of his right to compensation rather than blood or marriage. Relationship is really only evidence of dependency.''

In *Aluminum Company of America* v. *Fendnall,* 150 Tenn., 449, it was pointed out that a stepchild, who was dependent upon a deceased stepfather, would be entitled to compensation.

It is apparent that if a stepchild, or an illegitimate child, or an adopted child, is entitled to compensation under the act, the test of liability cannot be made to depend upon the relationship which the child bore to the deceased workman, but the test is whether such child was wholly dependent upon such workman for support.

Applying this test to the facts of this cause, we agree with the Chancellor that such child is entitled to compensation.

It follows that the decree of the Chancellor will be in all things affirmed.