MEMPHIS FERTILIZER CO. *et al. v.* BEATRICE SMALL *et al.*\*

(*Nashville.* December Term, 1929.)

Opinion filed January 18, 1930.

---

\*Corpus Juris-Cyc References: Workmen's Compensation Acts,—
CJ, section 49, p. 57, n. 39.

Charles L. Neely, for plaintiff in error.

W. H. Borsje and Allen Cox, Jr., for defendant in error.

Mr. Justice McKinney delivered the opinion of the Court.

This is a Workmen's Compensation suit instituted by an alleged common-law wife and her six-year-old daughter. The trial court held that the wife was entitled to no recovery, but decreed that the child should be paid $5 per week for four hundred weeks.

Roosevelt Small, while in the employ of the Fertilizer Company, received injuries resulting in his death. The only question involved is do the petitioners come within the provisions of the act?

The facts, as found by the trial court, are as follows:

"I find that Roosevelt Small and Beatrice were never married, but had lived together for eleven months as though they were man and wife, and as though the child was his, and he supported them both and many of the neighbors thought them to be his wife and child.

"I find that Rosie Small had no claim and was in nowise dependent upon him.

"I find that his average weekly wage was $15.

"No marriage ceremony of any kind was ever performed between Roosevelt and Beatrice.

"I find that there was no evidence that was competent to show a former marriage of Roosevelt.

"I find that Jewell Stevenson was not the child of Roosevelt either in wedlock or out of wedlock. I further find that during the cohabitation of Beatrice and Roosevelt, the child Jewell Stevenson was wholly dependent upon Roosevelt and so was Beatrice."

The uncontroverted, evidence shows that these parties lived together as husband and wife for a year or longer.

We quote from chapter 123, Acts of 1919, as follows:

"Sec. 30. Be it further enacted, That for the purposes of this Act, the following described persons shall be conclusively presumed to be wholly dependent:

"(1) A wife, unless it be shown that she was voluntarily living apart from her husband at the time of his injury and minor children under the age of sixteen years.

. . .

"(3) Wife, child, husband, mother, father, grandmother, grandfather, sister, brother, mother-in-law, and father-in-law who were wholly supported by the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto shall be considered his actual dependents, and payment of compensation shall be made to them in the order named."

Following the decisions of this court, the trial court was correct in decreeing compensation to the child. *Kinnard* v. *Tenn. Chem. Co.,* 157 Tenn., 206; *Cherokee Brick Co.* v. *Bishop,* 156 Tenn., 168; *Aluminum Co. of America* v. *Fendnall,* 150 Tenn., 449; *Portin* v. *Portin,* 149 Tenn., 530; *Bohlen-Huse Coal & Ice Co.* v. *McDaniel,* 148 Tenn., 628; *Johnson Coffee Co.* v. *McDonald,* 143 Tenn., 505.

Construing the provisions of the act, quoted above, this court, in *Portin* v. *Portin, supra,* held that subsection 1 of section 30 applied to legitimate children, while

subsection 3 embraced other and different classes of children who were wholly supported by the deceased workman at the time of his death, and for a reasonable period of time immediately prior thereto; that dependency and not relationship was the test.

Applying this rule to the facts of this case, we hold that where a six-year-old child has made her home with the deceased workman for a year, during which time she was wholly supported by him, she is entitled to compensation even though she is unrelated to him by kinship. The minimum compensation where the child is wholly dependent is $5 per week. Section 30, subsection 16.

█ The trial court correctly held that Beatrice Small was entitled to no compensation. It is not even shown that she was a common-law wife; but if she were, no recovery could be had.

Construing section 30, we hold that subsection 1 applies to a lawful wife who is not voluntarily living apart from her husband; while subsection 3 refers to a lawful wife not included in subsection 1.

We are of the opinion that the Legislature did not intend to provide compensation for a woman who was purposely and knowingly living in unlawful cohabitation with an employee at the time of his death. In the absence of an express provision to that effect, we would be unwilling to extend the act to such a person as a matter of public policy. *Scott* v. *Independent Ice Co.,* 139 Md., 343; *Mehan* v. *Edward Valve & Mfg. Co.* (Ind.), 117 N. E., 265; *Armstrong* v. *Industrial Commission,* 161 Wis., 530.

There is no error in the judgment of the trial court and it will be affirmed.