OLIVER *v.* PERKINS OIL CO., INC., *et al.*

(*Nashville*, December Term, 1934.)

Opinion filed Jan. 12, 1935.

W. H. FISHER, of Memphis, for appellant.

A. G. RILEY, of Memphis, for appellees.

Mr. Justice Cook delivered the opinion of the Court.

May 26, 1929, Tom Oliver, an employee of the Perkins Oil Company, was killed by accident arising out of and in the course of employment, and a settlement was made with Lula Oliver, his dependent widow. By the settlement she was to receive $6 a week for 400 weeks. Weekly payments were duly made until April 6, 1931, when the widow married George Johnson. Thereupon the employer and insurance carrier terminated the widow's compensation, pursuant to the provision of subsection 10, section 6883, of the Code.

July 14, 1934, this action was commenced to recover the widow's weekly benefits accruing after April 7, 1931, upon allegations that the marriage to George Johnson, who was not divorced from his wife, Emma, was void.

The chancellor sustained defendant's demurrer to the petition (1) because the marriage to George Johnson terminated the petitioner's benefits as widow of Tom Oliver, and (2) petitioner's action to recover was barred by section 6884 of the Code, which imposes a limitation of one year against proceedings to obtain judgment upon the employer's default.

 Subsection 3 of section 6884 of the Code is controlling. More than three years elapsed from the date of default or termination of the petitioner's weekly benefits by the defendant before this action was commenced. Subsection 10 of section 6883 of the Code provides that compensation shall terminate upon remarriage of the widow, and to avoid that provision of the act petitioner alleged that her marriage to George Johnson was void. The validity of the marriage was not open to inquiry by the employer and insurance carrier. They

were concerned only with the question of dependency; that is, whether or not the dependent widow of the deceased workman had by remarriage removed herself from dependency. *Portin* v. *Portin*, 149 Tenn., 530, 261 S. W., 362; *Kinnard* v. *Chemical Co.*, 157 Tenn., 206, 7 S. W. (2d), 807.

If the petitioner's right to reclaim compensation can be asserted because the marriage was void, then her claim must relate to the date of the void marriage when the defendants terminated compensation and were in default, so that the default existed from April 7, 1931, the date of the void marriage.

The petitioner cannot rest her claim upon invalidity of the subsequent marriage to avoid the force of subsection 10, section 6883, and at the same time escape the force of subsection 3, section 6884, of the Code, which requires her to sue within a year after default. *Collins* v. *Murray*, 164 Tenn., 580, 51 S. W. (2d), 834.

We find no error in the decree of the chancellor. Affirmed.