Summers *v.* Tennessee Eastman Corporation.

(*Knoxville*, September Term, 1935.)

Opinion filed Nov. 23, 1935.

T. A. Dodson, of Kingsport, for appellant.

Napoleon Bond, of Kingsport, for appellee.

Mr. Justice Chambliss delivered the opinion of the Court.

J. C. Summers died November 12, 1934, from the effects of an accident by injury suffered in the course of his employment by the defendant corporation, and liability for compensation is not denied on this appeal. The question presented is: To whom does the award properly go? The case was heard on a stipulation of facts.

Summers first married Lillie Horn in Scott county, Virginia, in 1922. A son, James Walter Summers, a petitioner herein, was born to them in 1923. In 1927 this wife obtained from him, in Virginia, a divorce from bed and board. In 1928 Summers was married, in Spartanburg, S. C., to Miss Lyla Maude Moore, who, from that time until his death, six and a half years later, lived with him as his wife. In 1932, the first wife obtained a decree of absolute divorce. She makes no claim herein. The son, a minor eleven years of age, claimed, and was awarded by the trial judge, the entire statutory award of $5 a week for four hundred weeks. The second wife, who was living with Summers at his death, and who, it is stipulated, had been supported by him for years and was entirely dependent on him, claims the right to a dependent wife's share of the award, thirty per cent., the son to receive ten per cent. Custody of the son had been given the mother by the original divorce order, and he had remained with her and her family ever since and had been supported by them. However, being under sixteen, and

conceded to be the child of the deceased employee, he is by the express terms of the statute conclusively presumed to be his dependent. His status as a dependent child entitled to a portion of the award is clear. But does he take to the exclusion of the second wife? What is her status under the statute?

The position taken for the son is that the second marriage was bigamous and affords no basis for a claim to an award as a dependent wife under the compensation acts. This exact situation has not been dealt with in any of our reported cases, but in several cases applicable principles have been announced. It may be well here to state the case for the widow claimant, as set out in the stipulation:

"That on July 14th, 1928, the petitioner, Lyla Maude Moore, was married to the said J. C. Summers, in Spartanburg, South Carolina, and that they lived together continuously as man and wife from the aforesaid date until the death of J. C. Summers, and that all the time during said period they held themselves out as husband and wife, and were so received and accepted by their friends, neighbors, relatives and the public; and that said Lyla Maude Moore Summers was a faithful and dutiful wife to the said J. C. Summers, and was fully supported and wholly dependent upon the said J. C. Summers from the date of their said marriage until his death on November 12, 1934; that said Lyla Maude Moore Summers, at the time of her marriage to J. C. Summers, knew that the said J. C. Summers had been previously married, but believed that he was divorced, and believed herself to be his lawful wife."

In *Portin* v. *Portin*, 149 Tenn., 530, at page 535, 261 S. W., 362, 363, CHIEF JUSTICE GREEN laid down the rule

that: "The dependency of the claimant is the true basis of his right to compensation rather than blood or marriage. Relationship is really only evidence of dependency." This was a case of a child, but the principle seems equally applicable to the case of a widow. The quotation just given concluded the following reasoning of the opinion:

"As indicated in the caption of chapter 123 of the Acts of 1919, its purpose was 'to provide compensation for injured employees; or in case of death, for the dependents of such employee.' The child in this case was wholly dependent upon the deceased for support, was an actual dependent, and is, we are satisfied, entitled to the benefits of the statute.

"The Workman's Compensation Act is not a statute of descent or distribution. It was intended to relieve society of the burden of caring for injured workmen or the dependents of deceased workmen, and to place that burden upon the industry employing the workman. In case of the workman's death, the lawmakers were concerned for the care of his dependents, not about the devolution of the workman's property."

This was expressly approved in the opinion of MR. JUSTICE McKINNEY in *Kinnard* v. *Tennessee Chemical Co.*, 157 Tenn., 206, 7 S. W. (2d), 807, wherein it was held that Ellen Mitchell Kinnard, who "believed herself to be the lawful wife of Bob Kinnard," was entitled to compensation as his widow, despite the fact that when she married him he had a living wife who had deserted him but from whom he had never been divorced. In that case, as in this, the parties had lived together continuously for a long number of years and had held themselves out as husband and wife, and been so received and accepted by

their friends, relatives, and the public. In that case, as in this, the woman was a faithful and dutiful wife and was fully supported and wholly dependent upon the man she was living with as her husband. The language of the stipulation herein is practically identical with that of the opinion and was apparently taken therefrom.

The trial judge, as stated in his opinion, distinguished the instant case from *Kinnard* v. *Tennessee Chemical Company* in three particulars:

(1) That Mrs. Summers, when she married, knew that Summers "had been previously married," while Mrs. Kinnard did not know that Kinnard had ever been married. But this distinction loses controlling force, in view of the stipulation that Mrs. Summers "believed that he was divorced, and that she was a lawful wife." There is nothing here to suggest bad faith, or want of reasonable diligence. In fact, Summers had been "divorced" the year before, and while the decree granted a divorce limited to "bed and board" only, it is unlikely that this lay woman would have comprehended the legal difference, even if advised of the particular form of the decree. We observe no material difference as affecting the good faith of the woman who marries, between her belief that the man had never before been married, and her belief that though he had been at one time married, he had been divorced, or that his wife had died.

(2) The point is made that in the Kinnard Case the first wife deserted the husband, while in this case Summers deserted his wife. We are unable to see that this has any bearing.

And (3) the trial judge says:

"In the Kinnard Case there was no controversy between persons claiming under conflicting rights, and in

that case 'the legality of the marriage arose incidentally.' In the case at bar there is a controversy between persons claiming under conflicting rights of relationship or 'heirship,' and here the respective marriages and their legality is all important and not merely incidental and as between a lawful child and a widow of a bigamous marriage, the child should prevail.''

It is true that Mr. Justice McKinney, in concluding that part of his opinion in the Kinnard Case dealing with the right of Mrs. Kinnard to an award, quotes from *Bohlen-Huse Coal & Ice Co.* v. *McDaniel*, 148 Tenn., 628, 633, 257 S. W., 848, a reference to the ''familiar doctrine'' that, with two exceptions, ''a marriage may be presumed, or be established by reputation after a lapse of many years,'' and quotes from that opinion this language: ''Such presumption should have particular force when, as said by Judge Turley, the question of the legality of a marriage 'arises incidentally, the controversy not being between persons claiming under conflicting rights of heirship.' *Rogers* v. *Park's Lessees*, 4 Humph., 480.''

In the first place, the presumption of marriage rule is not confined in its application to those cases in which the question ''arises incidentally'' only, and Judge Turley did not so hold. His statement was itself incidental merely, by way of emphasis upon the situation there presented —a case in which the general rule of presumption ''should have particular force.'' Moreover, we do not conceive that the issue here for determination is primarily one of conflict between this child and this widow. The rights of each are distinct and depend, not on those of the other, but on the legal status of each as established and defined by the Compensation Law, and the interest of the child in defeating an award to the widow is itself

incidental. If she is without claim, it is because of the weakness of her position as related to the statute, not because of any superior strength of his claim.

Referring again to *Portin* v. *Portin, supra*, it is pertinent here to note that section 30 of our Compensation Act (chapter 123, Acts of 1919, as amended, now Code, section 6883) is quoted and carefully analyzed, with special reference to the essentiality of relationship. It was found that "the statute undertook to provide for three classes of children" by the three subdivisions of section 30, and that while relationship as a child was the test under subsections 1 and 2, "relationship is not the test, or even evidence of dependency under subsection 3;" that under this subsection "dependency is the real test of the right to compensation as to children embraced in subsection 3."

Now like reasoning appears to have application to a wife. Section 30 provides (as amended, now Code 1932, section 6883) generally that, "The following described persons shall be conclusively presumed to be wholly dependent." Subsection (1) reads, "A wife . . . and minor children under the age of sixteen years." Subsection (3) "Wife, child," etc., "who were wholly supported by the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto shall be considered his actual dependents," etc.

██ As of a child, so of a wife, while relationship is the test under subsection (1), dependency is the "real test" under subsection (3).

██ In harmony with what has been said, we are of opinion that this widow claimant, Mrs. Summers, is within the terms of our compensation statutes; it appearing (1) that she was an actual dependent of the deceased

workman, and (2) that her good-faith marriage to him and long living with him entitle her to recognition as a "wife" within the intent and purpose of the Compensation Law.

It is urged that the child in this case is nearly blind and otherwise, perhaps, particularly in need of support, and that the distribution ratio of thirty to ten of the award, as between the widow and the child, is disproportionate. It also appears that the child lives with his mother. This is a matter that may be considered and dealt with on remand by the trial court under subsection (9) of Code, section 6883, subhead, "Widow and children, how paid."

The judgment is reversed, and the case remanded for disposition pursuant to this opinion.