**Ruby Lee JONES, Appellant,**

v.

**D. CANALE & COMPANY and Liberty Mutual Insurance Co., Appellee.**

Supreme Court of Tennessee.

June 6, 1983.

T.F. Jackson, III, Thomas H. Fulton, Lawler, Humphreys, Dunlap & Wellford, P.C., Memphis, for appellant.

Jack A. Childers, Jr., Johnson & Bateman, Memphis, for appellee.

## OPINION

FONES, Chief Justice.

The sole determinative issue before this Court is whether the trial court erred in withholding worker's compensation death benefits to deceased's putative wife of twenty-five years.

Plaintiff, Ruby Lee Jones, sought worker's compensation benefits as a result of the death of one Charlie Jones, an employee of defendant D. Canale & Co. Plaintiff and Charlie Jones had lived together in Memphis, Tennessee, from 1954 until Charlie Jones' accidental death on September 17, 1979. Although plaintiff had been employed as a domestic servant, she was supported by decedent for the entire twenty-five years in which they held themselves out to the community as husband and wife. The record showed that plaintiff has held a Shelby County Voter's Registration Certificate since 1964 in the name of "Ruby Lee Jones" and a current Tennessee driver's license in the name of "Ruby L. Jones"; that since decedent's initial employment at D. Canale & Co. in 1958, all his personal records there, including his pension and insurance policies, designated "Ruby Lee Jones" as his wife and beneficiary; and

that for the years 1971–1974, plaintiff and decedent jointly filed their federal income tax returns as married persons.

Plaintiff married one Willie Riley in 1940 in Arkansas where they both lived together for five or six years, plaintiff being known as Ruby Lee Riley. While still married to Willie Riley, plaintiff moved in with Charlie Jones in 1954 and began referring to herself as Ruby Lee Jones. At this time, Charlie Jones was legally married to one Mary Francis Jones, and he remained married to her until July 25, 1961, the date Mary Francis Jones obtained a valid divorce decree from the Chancery Court of Marshall County, Mississippi.

Plaintiff knew, when she began living with Charlie Jones, that he was in fact married. Plaintiff herself did not inform Charlie Jones of her marriage to Willie Riley until about one or two years after they had been living together. Unlike Charlie and Mary Francis Jones, neither plaintiff nor Willie Riley ever obtained or filed for divorce from one another. In fact, plaintiff and Willie Riley were legally married to one another as of the date plaintiff filed suit for the worker's compensation benefits at issue.

The learned chancellor denied plaintiff's claim for worker's compensation benefits on finding that plaintiff was not a "wife" as intended by the Legislature to be a "dependent" entitled to compensation pursuant to T.C.A. § 50–6–210 (formerly § 50–1013), which states in pertinent part as follows:

"*Dependents—Compensation Payments.*

(a) PERSONS WHOLLY DEPENDENT. For the purposes of the Workers' Compensation Law, the following described persons shall be conclusively presumed to be wholly dependent:

(1) A widow or widower unless it be shown that she or he was voluntarily living apart from his or her spouse at the time of injury.

\*　\*　\*　\*　\*　\*

(c) ACTUAL DEPENDENT. Wife, husband, child, mother, father, grandparent, sister, brother, mother-in-law, father-in-law, who were wholly supported by the deceased employee at the time of death and for a reasonable period of time immediately prior thereto shall be considered actual dependents, and payment of compensation shall be made in the order named."

The chancellor based his decision on the fact that both plaintiff and decedent knew that they were not legally married; that both knew how to become legally married and to obtain a legal divorce; but that after they began living together, both consciously chose not to divorce their spouses and remarry one another legally. Plaintiff does not dispute these factual findings but on appeal asks this Court to interpret the statute as contemplating her eligibility for compensation on the basis (1) that she was wholly dependent upon the deceased for twenty-five years up until the time of his death, (2) that they had held themselves out continuously to the community as husband and wife for the entire twenty-five years, (3) that there were no other dependents who could make claim to decedent's statutory benefits, and (4) that no one except the employer's worker's compensation carrier had ever questioned the propriety and legality of their relationship.

We find that this case is controlled by this Court's decision in *Memphis Fertilizer Co. v. Small,* 160 Tenn. 235, 22 S.W.2d 1037 (Tenn.1930). In that case, plaintiff sought worker's compensation benefits as the result of the death of one Roosevelt Small, upon whom she was wholly dependent and had been living with for over a year. Applying the same statute, this Court denied plaintiff's claim and held that the Legislature did not intend to provide compensation for a woman who was merely cohabiting with an employee who was supporting her at the time of his death, that only a "lawful wife" was entitled to the statutory benefits. The refusal of our Legislature to overrule or modify by statute the *Memphis Fertilizer* decision persuades us today that its intent has not changed within the past fifty-three years; the fact that the

Legislature has not expressed disapproval of a prior judicial construction of its statute is persuasive evidence of legislative adoption of the construction. *Hamby v. McDaniel,* 559 S.W.2d 774, 776 (Tenn.1977).

Plaintiff relies primarily on this Court's decision in *Perry v. Sun Coal Co.,* 183 Tenn. 141, 191 S.W.2d 181 (1945). In *Perry,* the deceased worker, Otis Perry, was legally married to one Flossie Perry in December, 1932, and they lived together for a short time. Without obtaining a divorce from her, he married one Ida Powell Perry, had a son by her, and lived with her until her death in January, 1942. Following the death of Ida Powell Perry, the decedent went through a marriage ceremony with Gladys Perry, in May, 1942. Subsequent to that marriage ceremony, the decedent obtained a divorce from his first wife, Flossie Perry, in September, 1943, but decedent and plaintiff did not thereafter formally marry. From May, 1942, to his death in November, 1943, Otis Perry supported Gladys Perry, who held herself out to be his lawfully wedded wife.

This Court reversed the trial judge's denial of Gladys Perry's claim for worker's compensation death benefits under the same statute applicable in *Memphis Fertilizer.* Justice Neil, speaking for a unanimous Court, wrote:

> "While dependency is the proper basis upon which to determine the right to recover compensation, we think the relationship between the wife and her husband must not be knowingly adulterous. In other words, if they live together with full knowledge of the fact that their relationship is meretricious the dependency results from an unlawful association and death is not compensable. Our cases seem to give consideration to circumstances attending the nature of the relationship, whether it is adulterous, or one that is founded upon respect for good morals and common decency. Where a man and wife live together through an honest though mistaken belief that they are married, it is said that 'such belief and consequent want of intent relieve the act of its criminal character, as in such case public decency is not outraged and common morality is not defied.' 1 Am. Jur., Adultery, Sec. 18, p. 689." *Id.* at 145–146, 191 S.W.2d at 182–183.

In this case the trial judge has found as a fact that both plaintiff and decedent knew that they were not legally married; that they knew how to obtain a legal divorce and how to legally marry but consciously chose not to do so. There was material evidence to support those findings.

This case is obviously distinguishable from *Perry* where plaintiff was found to have an honest belief that she was lawfully married to the deceased worker, their relationship was not knowingly adulterous, and therefore she was held to be a lawful dependent under the compensation statute.

The judgment of the Chancery Court of Shelby County is affirmed. Costs are adjudged against plaintiff.

COOPER, BROCK, HARBISON and DROWOTA, JJ., concur.