**Norma Jean WHITE, Claimant-Appellant,**

**and**

**David Lee White and Gale Ann White, Claimants-Respondents,**

**v.**

**TRIANGLE INSULATION COMPANY, Employer,**

**and**

**Commercial Union Assurance Company, Insurer-Respondents.**

**No. 13168.**

Missouri Court of Appeals, Southern District, Division Three.

Dec. 30, 1983.

Michael L. Maynard, Flat River, for claimant-appellant.

Charles W. Medley, Farmington, for claimants-respondents.

James B. Kennedy, Evans & Dixon, St. Louis, for employer, insurer-respondents.

GREENE, Chief Judge.

Norma Jean White appeals from a final award of the Labor and Industrial Relations Commission (commission) denying her survivor benefits she claimed were due her as the widow of Dean White, who died on January 6, 1981, as the result of a work-related injury while White was in the employ of the Triangle Insulation Company.

Dean White died as the result of injuries he received when he slipped and fell from a scaffold while working at the Sikeston Power Plant. Claims for compensation benefits were filed with the Division of Workmen's Compensation by Claudia Cast-

er and Norma Jean White. Claudia is the mother and natural guardian of minor children, David Lee White and Gale Ann White, who were born to the marriage of Dean and Claudia. Their marriage terminated in divorce on August 30, 1971. Norma Jean's claim stated that she was the wife of Dean at the time of his death. Based on these claims, the administrative law judge, after a hearing in which Norma Jean testified that she and Dean were married on December 5, 1978, and continued to live together as husband and wife until the date of his death, awarded death benefits to Norma Jean, as the widow, and to Claudia, as the mother and natural guardian of the two minor children.

Claudia later filed a motion to set aside the award to Norma Jean, alleging that Norma Jean had never been married to Dean, and that Norma's testimony to that effect was false. The cause was remanded by the commission to the administrative law judge for hearing evidence on the marriage issue. At the second hearing, Norma recanted her former testimony. She stated that she started to live with Dean in 1977; and that she was married to William Louis Ashcraft at that time. Norma was divorced from Ashcraft in 1979. She did not, thereafter, marry Dean, but lived with him in a common law marriage status until Dean's death.

Based on this evidence, the administrative law judge, in a new award, ruled that common law marriages of persons residing and domiciled in Missouri are not recognized as valid marriages in Missouri, and that since the only testimony offered showed Norma to be a common law wife, she did not establish a prima facie case of marriage that would entitle her to death benefits as provided by § 287.240.[1] The administrative law judge then ruled that Dean's two children were entitled to death benefits, but that Norma was not. On review, the commission affirmed the award of the administrative law judge on this issue.

Norma appealed, claiming that § 287.800 includes common law wives under the definition of dependents, and, in the alternative, if it does not, that the statute is unconstitutional by requiring a marriage ceremony in order for a person to qualify as a spouse for worker's compensation benefits. No case is cited in her brief that supports either of those positions on the facts related here.

■ Our review is limited by § 287.495.1, which states that we may only review questions of law on the following grounds: "(1) That the commission acted without or in excess of its powers; (2) That the award was procured by fraud; (3) That the facts found by the commission do not support the award; (4) That there was not sufficient competent evidence in the record to warrant the making of the award."

Norma's points relied on, as stated, do not allege that the commission violated any of the four prerequisites listed above. In her first point, we assume that she is trying to claim that she was a relative of Dean by marriage (wife), by reason of her common law marriage status, and since she was dependent on him for support, she was qualified for benefits under § 287.240. That section limits the payment of death benefits to dependents, and subsection (4) of the statute states "dependent" shall be construed to mean a relative by blood or marriage of a deceased employee, who was actually dependent on the deceased employee for support.

Norma relies on her common law wife status to qualify as a dependent. Section 451.040 provides that common law marriages contracted in Missouri, as is the case here, are null and void. Since Norma admitted that she had never been legally married to Dean, she was not a relative by marriage, as required by § 287.240, so as to qualify for dependent's death benefits. See *McGrath v. McGrath*, 387 S.W.2d 239, 241 (Mo.App.1965). See also *Jones v. D. Canale and Co.*, 652 S.W.2d 336 (Tenn.1983), where

---

**1.** All references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to

Missouri Rules of Court, V.A.M.R.

it was held under facts similar to this case, that a live in companion, even though dependent on her partner for support, was not a "wife" as intended by the Tennessee legislature to be a "dependent" entitled to worker's compensation death benefits authorized by Tennessee Workers' Compensation Law.

■ In her remaining point relied on, Norma seemingly questions the constitutionality of § 287.240(4), which defines the word "dependents." The question, if any, was not properly preserved. Rule 84.04(d) requires that a brief shall state briefly and concisely what action or ruling of the tribunal below is sought to be reviewed, and wherein and why such ruling is erroneous. The point as stated is an abstract statement that something is constitutionally wrong with the Workers' Compensation Act. Abstract statements do not comply with the rule.

■ In addition, even if the brief did properly state the question, the point was not properly preserved as it was not specifically raised at the first opportunity, kept alive throughout the case, or adequately covered in the briefs on appeal. *St. Louis Teachers Ass'n v. Board of Education,* 456 S.W.2d 16, 18 (Mo.1970).

The award of the commission is affirmed.

CROW, P.J., and FLANIGAN, MAUS and PREWITT, JJ., concur.