Donna **HARLOW,**

v.

**RELIANCE NATIONAL, et al.**

Supreme Court of Tennessee,
Special Workers' Compensation
Appeals Panel,
at Nashville.

Nov. 26, 2002.

**244**

Jill A. Hanson, Nashville, Tennessee, for the appellants, Reliance National and All Pro Painting.

Joseph D. Baugh, Franklin, Tennessee, for the appellee, Donna Harlow.

## MEMORANDUM OPINION

JAMES L. WEATHERFORD, SR.J., delivered the opinion of the court, in which JANICE M. HOLDER, J. and JOE C. LOSER, SP.J., joined.

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with the *Tennessee Code Annotated* § 50–6–225(e)(3) for hearing and reporting to the Supreme Court of findings of fact and conclusions of law. Almost three years prior to his death from injuries sustained in a work accident, the employee and his ex-wife (the plaintiff), had taken part in a "remarriage" ceremony at a church but failed to obtain a marriage license. The trial court found that the plaintiff, was the "lawful wife" of the deceased worker and awarded death benefits. Additionally, upon motion by the plaintiff, the trial court commuted the award to lump sum. We reverse the trial court and remand for dismissal because we find that the plaintiff was not the surviving spouse of the deceased.

Gary Harlow and Donna Barber were married in 1973 and divorced in 1994. In 1995, the Harlows reinitiated their relationship, and Mr. Harlow moved into Ms. Harlow's home. In April 1997, the Harlows participated in a "remarriage" ceremony at a church in which marriage vows were exchanged under the direction of a minister. However, no marriage license was obtained at that time nor thereafter. The Harlows lived together until Mr. Harlow's death.

In 1998, the Harlows met with a tax preparer who advised them that they could not file a joint tax return without a marriage license. Until the notification by the tax preparer, Ms. Harlow was unaware that no marriage license existed. After meeting with the tax preparer, Ms. Harlow asked Mr. Harlow several times about obtaining a marriage license, and Mr. Harlow responded that "it was not important" or "you worry about silly things." Ms. Harlow took no affirmative action to obtain the

license beyond her questioning of Mr. Harlow.

The Harlows filed separate tax returns as "single" or "head of household" for the tax years of 1997, 1998 and 1999. Despite filing separate tax returns, the Harlows filed other documents, including a loan application, indicating their status as husband and wife. Mr. Harlow was sporadically employed during the "remarriage" period, and Ms. Harlow served as the primary breadwinner.

On January 11, 2000, Gary Harlow, an employee of All Pro Painting, sustained severe head injuries after falling from a work platform, and five days later Mr. Harlow died from those injuries. After Reliance National, the workers' compensation insurer for All Pro Painting, denied death benefits to Ms. Harlow as a surviving spouse, Ms. Harlow filed this action against All Pro Painting and Reliance National ("defendants") seeking payment of statutory death benefits under the Tennessee Workers' Compensation Law.

The trial court granted Ms. Harlow's motion for summary judgment and awarded death benefits, finding that she was the "lawful wife" of Mr. Harlow because a "solemnized" relationship existed between the Harlows. .The trial court also found that Ms. Harlow was an actual dependent of the deceased and that it would violate Tennessee public policy as set forth in *Tennessee Code Annotated* § 36–3–113 to declare that the Harlows' "solemnized" relationship was not a marriage. Upon a motion by Ms. Harlow, the trial judge commuted the award to a lump sum.

### ANALYSIS

█ Review of findings of fact by the trial court is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. *Tenn.Code Ann.* § 50–6–225(e)(2); *Stone v. City of McMinnville*, 896 S.W.2d 548, 550 (Tenn.1995). Conclusions of law are reviewed *de novo* without any presumption of correctness. *Ivey v. Trans Global Gas & Oil*, 3 S.W.3d 441, 446 (Tenn.1999).

The workers' compensation statutes are to be given an equitable and liberal construction in favor of workers and their dependents. *Tenn.Code Ann.* § 50–6–116; *Sullivan Electric Co. v. McDonald*, 541 S.W.2d 112, 115 (Tenn.1976).

**I. Whether Ms. Harlow is the surviving spouse of Mr. Harlow.**

*Tennessee Code Annotated* § 50–6–210(a) provides:

> For the purposes of the Workers' Compensation Law, the following described persons shall be conclusively presumed to be wholly dependent:
>
> (1) A surviving spouse, unless it is shown that the surviving spouse was voluntarily living apart from the surviving spouse's spouse at the time of injury;

*Tenn.Code Ann.* § 50–6–210(a)(1).

Under the Tennessee Code, a surviving spouse with no children is entitled to fifty percent (50%) of the average weekly wages of the deceased. *Tenn.Code Ann.* § 50–6–210(e)(1). Further, the trial judge may commute the award to a lump sum payment. *Tenn.Code Ann.* § 50–6–229.

A marriage license is a statutory requirement in Tennessee. *Tennessee Code Annotated* § 36–3–103(a) provides:

> Before being joined in marriage, the parties shall present to the minister or officer a license under the hand of a county clerk in this state, directed to such minister or officer, authorizing the solemnization of a marriage between the parties. Such license shall be valid for

thirty (30) days from its issuance by the clerk.

*Tenn.Code Ann.* § 36–3–103(a) (2001).

After notification by the tax preparer in 1998, both Ms. Harlow and Mr. Harlow knew that no marriage license existed to legally validate their "remarriage." Despite repeated requests from Ms. Harlow to obtain a license, Mr. Harlow refused to do so for reasons that are not known. However, the inescapable fact remains that the parties knowingly cohabited for over four years without obtaining a marriage license.

Although certain evidence in the record points to the Harlows living as husband and wife, other evidence establishes that their perception of the relationship was otherwise. For example, Mr. Harlow and Ms. Harlow filed separate income tax returns for the tax years of 1997, 1998 and 1999 as "separate" or "head of household." Thus, not only did the Harlows fail to comply with the licensing statute, but they also asserted to the federal government that they were not married.

To substantiate her claim, Ms. Harlow relies on cases in which the Supreme Court has awarded death benefits to alleged surviving spouses when a marriage is challenged by a third party. In these cases, the surviving spouse claiming death benefits was unaware of the deceased spouse's earlier valid marriage, with a bigamous marriage resulting. The Court held for the claimant surviving spouse because either a reasonable belief or mistaken belief existed that the surviving spouse was in a legal marriage. *See Perry v. Sun Coal Co.,* 183 Tenn. 141, 191 S.W.2d 181, 182 (1945); *Summers v. Tennessee Eastman Corp.,* 169 Tenn. 335, 87 S.W.2d 1005 (1935); *Kinnard v. Tennessee Chemical Co.,* 157 Tenn. 206, 7 S.W.2d 807 (1928). Because Ms. Harlow possessed no reasonable belief of a legally valid marriage nor a mistaken belief regarding her legal marital status, the present case is distinguishable from *Perry* and its predecessors.

■ We find the present case more closely analogous to *Jones v. D. Canale & Co.,* 652 S.W.2d 336, 338 (Tenn.1983), in which the Supreme Court denied the claim of an alleged surviving spouse who, despite living together with the deceased as husband and wife for twenty-five years, was still legally married to another man and consciously chose not to divorce that man. At the center of the Court's reasoning was the parties' knowledge of their marital status and the intentional choice to take no action to remedy the deficiency. *Id.* Similarly, Ms. Harlow knew she was not legally married after notification by the tax preparer in early 1998, and no action was pursued to rectify the situation.

Ms. Harlow argues that she desired to be legally married as established by her repeated requests of Mr. Harlow to obtain a marriage license. However, rather than support her position, this fact reinforces the nature of the Harlows' relationship as non-marital because, for reasons unknown, Mr. Harlow refused to take the required legal step of securing a marriage license.

Relying on the preference for a liberal construction of the workers' compensation statute, Ms. Harlow urges this panel to stretch the interpretation of "surviving spouse" to include her relationship with Mr. Harlow. However, we decline to extend the meaning of "surviving spouse" to include cohabiting individuals who wilfully ignore the licensing statute. Such a construction would exceed the parameters set by the legislature in defining eligible parties for death benefits. If Ms. Harlow were allowed to recover death benefits, uncertainty would ensue in the determination of who is lawfully married, causing

problems to arise in many areas, including workers' compensation.

Without guidance from the legislature authorizing the extension of workers' compensation benefits to parties such as Ms. Harlow, we are constrained from awarding Ms. Harlow benefits as a surviving spouse. The failure to comply with the statutory requirement for a marriage license, along with the knowledge of that deficiency, dooms Ms. Harlow's claim. The trial judge incorrectly relied on the "remarriage" ceremony, and subsequent living arrangement, as the basis for finding Ms. Harlow a "lawful wife" and surviving spouse. Therefore, we hold that a legal marriage did not exist between the Harlows at the time of Mr. Harlow's death, and thus Ms. Harlow is not a surviving spouse under the workers' compensation statute.

Ms. Harlow raises an additional argument that she is entitled to death benefits as an actual dependent of Mr. Harlow because she was a "[w]ife ... who [was] wholly supported by the deceased employee at the time of death...." *Tenn.Code Ann.* § 50–6–210(c). Because we hold that Ms. Harlow is not a surviving spouse, she likewise is not a "wife" within the meaning of the statute.

## II. Whether the trial court erred in commuting the award to a lump sum.

Because we hold that Ms. Harlow is not a surviving spouse under the workers' compensation statute, we need not reach the commutation issue.

### CONCLUSION

After a careful review and consideration of the record, we reverse the finding of the trial court and remand for dismissal. Costs of appeal are taxed to the appellee, Donna Harlow.