BRUCE WHITE *v.* THE PINKERTON COMPANY *et al.**

(*Nashville.*    December Term, 1926.)

Opinion filed, March 12, 1927.

**WORKMEN'S COMPENSATION ACT. Ascertaining average weekly wages. Construction, Act 1919, ch. 132, s. s. chapter of section 2.**
The Statute, s. 's. chapter of section 2, providing three methods of ascertaining average weekly wages, and the injured employee, a student, working during holidays, six days a week, and each Saturday afternoon, and nights, up to the day he was injured, a period of ten weeks, on the facts of this case; the second method is held applicable, the court ascertains the average weekly wages of petitioner by past earnings, and not by what he may earn in the future, awarding a judgment for a sum, with interest. (Post, p. 231-3.)
**Citing:** In Rice's Case, 229 Mass., 325, 118 N. E., 674; Am. Cas. 1918E, 1052; Barney Gillen v. Ocean Accident & Guarantee Corp., 215 Mass., 96, 102 N. E., 346, L. R. A., 1916, A-371.

---

*As to "average weekly wage" under Workmen's Compensation Acts, see annotation in L. R. A., 1916A, 373; 2 A. L. R., 1637; 28 R. C. L., 822; 3 R. C. L. Supp., 1599; 5 R. C. L. Supp., 1578; 6 R. C. L. Supp., 1762.

---

*Headnotes 1. Workmen's Compensation Acts, C. J., section 80; 2. Workmen's Compensation Acts, C. J., section 80.

FROM WILLIAMSON.

Appeal from the Circuit Court of Williamson County. —HON. J. C. HOBBS, Judge.

WIRT COURTNEY for White.

C. WADE WILKES, for Insurance Co.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

This is a suit under the Workmen's Compensation Statute, Chapter 132 of the Acts of 1919.

Liability is conceded, the only question involved being the amount of compensation recoverable under the following uncontroverted facts.

Bruce White, twenty-one years of age, is a student in Vanderbilt University. During the holidays of 1924 he worked six days (a week) in the grocery store of the Pinkerton Company, at Franklin. For said work he received $15. Since that time, and up to the day that he was injured, February 28, 1925, he worked in said store each Saturday afternoon and night, for which he received $1.50 a day. The period of his employment was ten weeks, for which he received $28.50.

The defendant paid no one of its regular employees, doing the same character of work, less than $15 per week.

The petitioner insists that his average weekly wages, computed according to the statute, was $15, as was found by the trial court.

The defendant insists that petitioner's average weekly wages was $2.85.

Sub-section (c) of section 2 of the act is as follows:

" 'Average weekly wages' shall mean the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury divided by fifty-two; but if the injured employee lost more than seven days during such period when he

did not work, although not in the same week, then the earnings for the remainder of such fifty-two weeks shall be divided by the number of weeks remaining after the time so lost has been deducted. Where the employment prior to the injury extended over a period of less than fifty-two weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed; Provided, results just and fair to both parties will thereby be obtained. Where by reason of the shortness of the time during which the employee has been in the employment of his employer, it is impracticable to compute the average weekly wages as above defined, regard shall be had to the average weekly amount which during the first fifty-two weeks prior to the injury or death was being earned by a person in the same grade, employed at the same work by the same employer, and if there is no such person so employed, by a person in the same grade employed in the same class of employment in the same district. Wherever allowances of any character made to an employee in lieu of wages are specified as part of the wage contract, they shall be deemed a part of his earnings.''

The foregoing sub-section provides three methods for ascertaining average weekly wages:

1.   Where the employee has been working for the employer for as much as a year, prior to the injury, divide the total wages received by fifty-two.

2.   Where the employment, prior to the injury, was less than fifty-two weeks, divide the total wages received by number of weeks employed; ''Provided, results just and fair to both parties will thereby be obtained.''

3. Where the employment has been of such short duration that it is impracticable to compute the wages by either of the above methods, then regard shall be had to the average wages received by a person in the "same grade," employed at the same work by the same employer, "and if there is no such person so employed, by a person in the same grade employed in the same class of employment in the same district."

The first method has no application in this case because the petitioner was only in the employ of the defendant ten weeks.

The third rule is not a proper measure because there is no evidence as to the wages received by a person in the "same grade."

For example, if a witness had testified that for a year or longer he had worked for the defendant, as a salesman, putting in every Saturday afternoon and night during the year, and the whole of Christmas week, then his average weekly wages might furnish a criterion by which to measure petitioner's compensation.

The above "same grade" rule is contained in like language in the Massachusetts Statute.

In *Rices case,* 229 Mass., 325, 118 N. E., 674, Ann. Cas., 1918 E, 1052, the petitioner worked for the employer during the summer, returned to school in the fall, and each day at the end of the school session worked as a "spare weaver" for approximately three hours; also worked on Saturdays. She was injured on December 7th, and within less than a year after her employment began.

During her employment her average weekly earnings was $3, while a regular weaver earned $7.50 per week, which the trial court found was the average weekly wages of the petitioner. The trial court was reversed,

and the average weekly wages was fixed at $3. The court said:

"If there is such an employment as that of 'spare weaver' similar in hours of service, kind of work and requirement of skill to that of the employee during her term of employment, then that may be used as a basis of determining the compensation to be awarded according to the express terms of the statute. Part V, section 2. If there is no such kind of employment recognized in textile manufacturing, it does not follow that the employee shall go without remuneration, but that the 'average weekly wages' actually earned by her during the time she was actually employed shall be the basis of compensation."

The court further said that "the amount to be awarded under Part V, section 2 is to be determined, not by what the employee is capable of earning, but by what was actually earned."

A similar distinction is made in *Barney Gillen* v. *Ocean Accident & Guarantee Corp.*, 215 Mass., 96, 102 N. E., 346, L. R. A., 1916 A, 371.

In our opinion, however, rule two, above, furnishes a just and fair method of arriving at the average weekly wages received by the petitioner. If it is rejected the evidence furnishes no basis for ascertaining the average weekly wages of the petitioner.

After a careful consideration of the statute we have concluded that the object of the act was to compensate a disabled employee, to the extent of fifty per cent of the wages he had been receiving, for a given number of weeks.

Where the court can see that the application of this rule would be unfair, and evidence has been introduced that would justify us in applying some other rule, we

would not hesitate to do so. The court must ascertain the average weekly wages of the petitioner by past earnings, and not by what he may earn in the future.

The judgment of the trial court will be modified so as to conform to this opinion. A judgment will be entered in this court in favor of petitioner for $219.93, together with interest from October 1, 1926.

The defendant will be taxed with all of the costs.