FILED

October 4, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 2:26 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | |
|---|---|
| **Shannon Lunsford,**<br>　　　　**Employee,** | **Docket No.: 2015-06-0867** |
| **v.** | **State File No.: 59936-2015** |
| **Deem First,**<br>　　　　**Employer,** | **Judge Robert Durham** |
| **And** | |
| **Amerisure,**<br>　　　　**Insurance Carrier.** | |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS IN PART
## (REVIEW OF THE FILE)

---

This cause came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing (REH) filed by the employee, Shannon Lunsford, pursuant to Tennessee Code Annotated section 50-6-239 (2015) to determine if the employer, Deem First, is obligated to provide workers' compensation benefits. Pursuant to Rule 0800-02-21-.02(13) (2015) of the Tennessee Compilation Rules and Regulations, Mr. Lunsford requested the Court issue a ruling based on a review of the file without an evidentiary hearing. On September 15, 2016, the Court sent a Docketing Notice to the parties regarding the contents of the record before it. (T.R. 4.) Neither party raised any objection to the documents contained in the record. Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court concludes it needs no further information to render judgment.

Although it is undisputed that Mr. Lunsford sustained a work-related injury on July 22, 2015, the parties disagree on several other issues. Mr. Lunsford contends he is entitled to an evaluation to determine whether he is entitled to a permanent impairment rating for the injury to his face. The parties also disagree as to whether Mr. Lunsford is entitled to an entirely separate panel for his alleged low back injury. Mr. Lunsford

1

further seeks a panel of physicians for treatment for a left knee injury he alleges he sustained as a result of the July 22, 2015 incident. Finally, the parties disagree as to whether Mr. Lunsford is entitled to additional temporary total disability benefits as well as the calculation of Mr. Lunsford's average weekly wage and resulting compensation rate.

The Court holds Deem First is not under a legal obligation to provide another panel of specialists for treatment of Mr. Lunsford's alleged low back injuries, but he is entitled to a panel of orthopedists for treatment of any left knee injury he may have sustained in the July 22, 2015 fall. The Court further holds Mr. Lunsford is entitled to an evaluation by a specialist to determine what, if any, permanent impairment he may have sustained as a result of his facial injuries. Finally, the Court holds Deem First is obligated to provide a wage statement in compliance with Tennessee Code Annotated section 102(3)(C) (2015) in order to calculate Mr. Lunsford's compensation rate; however, Mr. Lunsford has not established he is entitled to temporary total disability benefits beyond the period already paid by Deem First.

**History of Claim**

Mr. Lunsford began working for Deem First on July 10, 2015. (Ex. 2.) On July 22, 2015, while working for Deem First, Mr. Lunsford fell through a false ceiling at a Kroger remodeling worksite, hitting an industrial-sized meat cutter before falling to the floor. (Ex. 1.) Mr. Lunsford received emergency treatment at Skyline Medical Center, where he was diagnosed with multiple mandible fractures. (Ex. 4 at 6.) Mr. Lunsford also underwent x-rays of his left knee, which were noted to be "unremarkable." (Ex. 5.)

Mr. Lunsford elected to have his facial injuries treated at his home in Alabama, so on July 24, 2015, he underwent surgery by Dr. Ryan Sheppard, DMD in Mobile, Alabama. (Ex. 4 at 6.) Dr. Sheppard noted Mr. Lunsford's mandible was fractured in three places and he sustained some damage to his teeth. *Id.* Dr. Sheppard elected to perform open reduction/internal fixation surgery to hold the fractures in place with plates and screws. *Id.* Mr. Lunsford recovered from the surgery, and Dr. Sheppard released him on September 1, 2015, to return to work at full duty on September 15. (Ex. 4 at 12.) However, on October 19, Dr. Sheppard wrote a letter stating that when he saw Mr. Lunsford on October 2, he was suffering from an infection "due to his initial trauma," which required additional treatment. Therefore, he took Mr. Lunsford off work retroactive to September 21 due to the "dangers of his job." (Ex. 8.)

Due to dental issues stemming from the injury, Dr. Sheppard recommended Mr. Lunsford see Dr. Frank Kerbl, DMD. (Ex. 7 at 2.) Dr. Kerbl performed multiple root canals due to injuries caused by the fall, with the last recorded visit occurring on February 2, 2016. (Ex. 7 at 6.) On May 31, 2016, Dr. Sheppard provided a brief note stating he had completed his treatment of Mr. Lunsford, but he recommended sending

him to a physician to obtain an impairment rating. (Ex. 9.)

With regard to Mr. Lunsford's back complaints, Dr. James West, an orthopedist, evaluated Mr. Lunsford on September 9, 2015, regarding his complaints of lower thoracic pain. (Ex. 6 at 1.) Mr. Lunsford did not choose Dr. West from a panel, but was referred to him by a nurse case manager. (T.R. 5 at 3.) Dr. West ordered x-rays that revealed a possible lower thoracic compression fracture and restricted him to lifting twenty pounds or less pending an MRI. (Ex. 6 at 2.) The MRI revealed mild degenerative changes at T-11 and T-12 as well as a posterior central disc herniation at L5-S1, although the MRI was incomplete at that level. (Ex. 6 at 5.) Dr. West recommended Mr. Lunsford attempt to return to work without restrictions, but Deem First terminated him before he could do so. (Ex. 6 at 7.)

On October 23, Dr. West opined Mr. Lunsford's "lumbar symptoms" were more related to his degenerative changes than to an "isolated work injury." (Ex. 6 at 9.) As a result, he determined Mr. Lunsford was at MMI with regard to his back pain. *Id.* Deem First later provided a panel of orthopedists from which Mr. Lunsford could choose another physician for authorized care, but Mr. Lunsford objected to the panel because it included Dr. West. He has not chosen a physician from it. (T.R. 4.)[1]

Regarding Mr. Lunsford's wage rate, he only worked two full weeks prior to his injury. (Ex. 2.) During that time, he averaged $1,064.25, which equated to a compensation rate of $709.49. *Id.* Deem First provided a wage statement of a "like employee," which only goes from January 18, 2015, through July 26, 2015. (Ex. 3.) The check activity form attached to the wage statement showed the "like employee" worked substantial overtime from June 28, 2015, until July 26, 2015. He worked substantially fewer than forty hours per week in January 2015, while he averaged forty hours per week during the months between January 25 and June 28. (Ex. 3 at 3.) Deem First calculated the average weekly wage of the "like employee" to be $770.14 with a compensation rate of $513.42. *Id.* Deem First paid temporary total disability benefits to Mr. Lunsford at the rate of $400.00 until December 24, 2015, but acknowledged it would send him a check for the admitted underpayment of $113.42 per week. (Ex. 10, T.R. 5.) Mr. Lunsford asserted in his affidavit that he would never have worked for Deem First for the wages reflected in the wage statement for the "like employee." (Ex. 1.)

Mr. Lunsford contends he is entitled to additional temporary disability benefits at a compensation rate reflected by his actual wages. He further contends he is entitled to an evaluation to determine his permanent anatomical impairment from his facial injuries; a panel of orthopedists to treat his left knee; and, another panel of back specialists that does not include Dr. West. Deem First counters by arguing it has provided all benefits required by Workers' Compensation Law.

---

[1] The parties did not provide a copy of the panel provided to Mr. Lunsford.

## Findings of Fact and Conclusions of Law

The Court must interpret Workers' Compensation Law fairly, impartially, and by basic principles of statutory construction, favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2015). Mr. Lunsford has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015).

Mr. Lunsford need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, Mr. Lunsford has the burden to come forward with sufficient evidence from which the trial court can determine that he is likely to prevail at a hearing on the merits. *Id.*; *see also* Tenn. Code Ann. § 50-6-239(d)(1)(2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.,* No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

### *Medical Treatment for Left Knee*

Deem First asserted Mr. Lunsford failed to produce sufficient evidence to show he is likely to prevail on the issue of causation regarding his alleged work-related left-knee injury. In order to establish causation, an employee must prove "to a reasonable degree of medical certainty that [the injury] contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2015). The term "reasonable degree of medical certainty" means that, "in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(14)(D) (2015). Thus, causation must be established by expert medical testimony, and it must be more than "speculation or possibility" on the part of the doctor. *Id.*

In this instance, the Court finds Mr. Lunsford failed to produce any expert medical evidence linking his left knee complaints to his fall on July 22, 2015. However, an employee does not have to prove compensability in order to establish entitlement to a panel of physicians from which he may choose an authorized physician. *McCord, supra,* at *16, 17. In *McCord,* the Workers' Compensation Appeals Board found that:

4

[W]hether the alleged work accident resulted in a compensable injury has yet to be determined. Therefore, while Employee has not proven by a preponderance of the evidence that she suffered an injury arising primarily out of and in the course and scope of employment, she has satisfied her burden at this interlocutory stage to support an Order compelling Employer to provide a panel of physicians.

*Id.* Thus, the question becomes whether Mr. Lunsford provided sufficient evidence of entitlement to a panel of physicians to satisfy his "burden at this interlocutory stage." *Id.* at *17. The Court finds he has succeeded in doing so at this time.

Mr. Lunsford unquestionably fell from a height of more than ten feet onto an industrial-sized meat cutter, sustaining serious injuries to his face. Although suffering multiple injuries, he also made sufficient complaints regarding his left knee that x-rays were taken at the emergency room immediately following the accident. (Ex. 5.) While the x-rays were "unremarkable," such a report is insufficient to determine whether Mr. Lunsford sustained any actual injury to his left knee as a result of his fall, given that he has not been given an opportunity to treat with a physician selected from a panel as required by Tennessee Code Annotated section 50-6-204(3)(A)(i) (2015). Therefore, the Court finds Mr. Lunsford is likely to prevail at a hearing on the merits regarding the issue of additional medical care for his left knee and holds Deem First must provide a panel of orthopedic specialists from which he may choose an authorized physician in accordance with Tennessee Code Annotated section 50-6-204(3)(A)(i) (2015).

*Physician for Evaluation of Impairment for Facial Injuries*

The medical records reveal Mr. Lunsford suffered multiple fractures to his jaw that required plates and screws to repair, as well as serious injuries to his teeth, causing him to undergo multiple root canals. (Exs. 4, 5.) On May 31, 2016, Dr. Sheppard released Mr. Lunsford from medical care for the injuries to his jaw and teeth; however, he opined another physician should evaluate him "for an impairment rating." (Ex. 9.) Deem First's justification for failing to do so is that, based on counsel's review of the AMA Guides, 6th ed., there is not a method to calculate an impairment due to a jaw fracture. (T.R. 5 at 2.)

Tennessee Code Annotated section 50-6-204(k)(1) (2015) provides that impairment ratings should be assigned by the treating *physician* or chiropractor. (Emphasis added.) In this instance, the treating physician is a doctor from Alabama, perhaps unfamiliar with the AMA Guides, 6th edition; however, he has expressly opined a doctor competent to do so should evaluate Mr. Lunsford for a permanent impairment rating. (Ex. 9.) Furthermore, the Court finds Deem First's argument that the AMA Guides do not provide an impairment rating for the injury in question to be without merit. Chapter 11.3 of the AMA Guides, 6th edition deals specifically with impairments due to

5

facial injuries. Even if the AMA Guides did not contain a method for evaluating an impairment due to an injury similar to the one suffered by Mr. Lunsford, Tennessee Code Annotated section 50-6-204(k)(2)(C) (2015) provides that, "in cases not covered by the AMA guides, an impairment rating by any appropriate method used and accepted by the medical community" is acceptable. Our Appeals Board has found judges, and by implication attorneys, "are not well-suited to second-guess a medical expert's treatment, recommendations, and/or diagnoses absent some conflicting medical evidence or some other countervailing evidence properly admitted into the record." *Scott*, at *8. Deem First cannot argue its interpretation of the AMA Guides precludes referral for an evaluation by an authorized physician. Therefore, the Court finds Deem First is obligated to provide a panel of specialists from which Mr. Lunsford may choose a physician for the evaluation of any permanent impairment he may retain as a result of his work-related injury.

*Panel for Mr. Lunsford's Alleged Back Injury*

According to the record, Deem First did not provide Mr. Lunsford a panel of specialists for evaluation of his back complaints, but instead a nurse case manager referred him to Dr. West. (T.R. 5 at 3.) Deem First later provided a panel of specialists to Mr. Lunsford for additional treatment, which included Dr. West. Mr. Lunsford insists the panel is invalid because it did not replace Dr. West with another specialist. (T.R. 4.)

Tennessee Code Annotated section 50-6-204(3)(A)(i) (2015) provides that the employer shall provide a panel of three physicians from which the employee may select a treating physician. Although Deem First initially failed to do so, it has done so now. (T.R. 6.) While Mr. Lunsford asserts the panel is invalid because it includes Dr. West, he cites no authority for this proposition, and the Court is unaware of any. Therefore, the Court finds the panel provided by Deem First that includes Dr. West is valid, and Mr. Lunsford must choose a physician from this panel should he desire additional authorized treatment pursuant to Tennessee Code Annotated section 50-6-204 (2015).

*Calculation of Mr. Lunsford's Compensation Rate*

Mr. Lunsford only worked for Deem First for two full weeks prior to his injury. During that time, he worked substantial overtime, making an average of $1,064.25 per week. (Ex. 2.) Deem First provided a wage statement asserted to be of a "like employee," which notes an average weekly wage of $770.14. Based on this wage statement, Deem First paid temporary total disability benefits at a compensation rate of $513.42. Mr. Lunsford insists his actual wages should be used in calculating his compensation rate given that he anticipated making this amount in the future and he would not have agreed to work for Deem First for the wages recorded for the "like employee." (T.R. 4.)

Workers' Compensation Law has firmly established that an employee's compensation rate must be based on past earnings and not what an employee may earn in the future. *Armstrong v. Spears*, 393 S.W.2d 729 (Tenn. 1965). Therefore, Mr. Lunsford's intentions regarding the wages he may have earned had he not been injured are not relevant to this inquiry. *Id.*

Furthermore, in this instance, the Court finds it is impracticable to use Mr. Lunsford's actual pre-injury wages to calculate his compensation rate. Not only did Mr. Lunsford only work two full weeks, it is clear from his wage statement, as well as that of the "like employee," that his wages would have varied weekly depending on the overtime wages he received. (Exs. 1, 2.) However, Tennessee Code Annotated section 50-6-102(3)(C) provides a solution to this issue:

> Where, by reason of the shortness of the time during which the employee has been in the employment of the employer, it is impracticable to compute the average weekly wages as defined in this subdivision (3), regard shall be had to the average weekly amount that, *during the first fifty-two (52) weeks prior to the injury or death*, was being earned by a person in the same grade, employed at the same work by the same employer[.]

(Emphasis added.)

While the Court finds the wages of a similar employee is the most practicable way to determine Mr. Lunsford's compensation rate, the wage statement provided by Deem First does not comply with the statute in that it only provides wages for the twenty-eight weeks prior to Mr. Lunsford's injury. (Ex. 2.) The discrepancy is further exacerbated by the fact that the wage statement does not include wages earned during the summer, which as indicated by the wages earned during the weeks just prior to the injury, may have been substantially supplemented by overtime pay. (Exs. 1, 2.) Thus, Deem First shall provide a wage statement of a "like employee" that fully complies with Tennessee Code Annotated section 50-6-102(3)(C) (2015) to calculate Mr. Lunsford's compensation rate.

*Payment of Past Temporary Total Disability Benefits*

Mr. Lunsford seeks additional temporary total disability benefits through the present based on Dr. Sheppard's statement on October 19, 2015, that he was placing Mr. Lunsford "on leave again retroactive to 9/21/2015" due to an infection that arose following his injury. (Ex. 8.) There is nothing else in the record wherein Dr. Sheppard further addressed the issue of leave or restrictions. Deem First asserted, and Mr. Lunsford did not dispute, that it paid temporary total disability benefits from July 23, 2015, until December 24, 2015.[2] (Ex. 10). With respect to temporary total disability

---

[2] Neither party provided the reason for termination of benefits on December 24, 2015.

7

benefits, an employee must prove (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Const. Co., Inc., et al.,* No. 2015-01-0325, 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Tenn. Workers' Comp. App. Bd. Mar. 30, 2016). In this instance, the Court finds Mr. Lunsford has yet to establish that he is likely to prevail on the issue that his period of disability extended beyond December 24, 2015, the last date Deem First paid temporary total disability benefits. (Ex. 10.) Therefore, Deem First is not obligated to pay Mr. Lunsford any additional temporary total disability benefits at this time.

IT IS, THEREFORE, ORDERED that:

1. Deem First shall provide Mr. Lunsford with a panel of specialists from which he may choose an authorized physician for treatment of his left knee in accordance with Tennessee Code Annotated section 50-6-204 (2015).

2. Deem First shall provide Mr. Lunsford with a panel of specialists from which he may choose an authorized physician to provide an evaluation of his facial injuries for the purpose of determining what, if any, permanent disability he may retain as a result of the injury.

3. Deem First is not obligated to replace Dr. West on the panel it provided Mr. Lunsford with regard to further treatment for his lower back complaints.

4. Deem First shall provide a wage statement of a similar employee in compliance with Tennessee Code Annotated section 50-6-102(3)(C) (2015) recording wages for fifty-two weeks prior to Mr. Lunsford's injury from which Mr. Lunsford's compensation rate for this clam shall be calculated.

5. Deem First is not obligated to pay Mr. Lunsford temporary total disability benefits for any time beyond December 24, 2015, at this time.

6. This matter is set for an Initial Hearing on November 15, 2016, at 2:30 p.m. C.S.T.

7. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.** For questions regarding compliance,

8

please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED THIS THE 4th DAY OF OCTOBER 2016.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

**Initial Hearing:**

An Initial Hearing has been set with Judge Robert Durham, Court of Workers' Compensation Claims. You must call 615-253-0010 or toll-free at 855-689-9049 to participate in the Initial Hearing.

Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice

9

of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

Exhibits:

1.    Affidavit of Shannon Lunsford
2.    Mr. Lunsford's wage statement
3.    Wage statement of "like employee"
4.    Medical records of Dr. Ryan Sheppard
5.    X-ray report from Skyline Medical Center
6.    Medical records of Dr. James West
7.    Medical records of Dr. Frank Kerbl
8.    Note from Dr. Sheppard dated October 19, 2015
9.    Note from Dr. Sheppard dated May 31, 2016
10.   Claims Payout records

Technical Record:

1.    Petition for Benefit Determination
2.    Dispute Certification Notice
3.    Request for Expedited Hearing
4.    Mr. Lunsford's Position Statement
5.    Deem First's Position Statement
6.    Transfer Order
7.    Docketing Notice

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Granting Benefits was sent to the following recipients by the following methods of service on this the 4th day of October, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Jeff Kovalski | | | X | jeff@tn-injury.us |
| James Tucker | | | X | jtucker@manierherod.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

11